SIDNEY MYERS

*v.*

MARY E. PARKS.

*Filed at Mt. Vernon June 14, 1880.*

1. ACKNOWLEDGMENT—*evidence to impeach.* The certificate of acknowledgment by an officer authorized to make the same, to a deed or other instrument affecting or relating to the title to land, can only be impeached and shown to have been made in fraud, or as a forgery, by clear and entirely satisfactory evidence. Mere suspicion, loose and unsatisfactory evidence, or inconclusive evidence, will not suffice.

2. But where the clear and decided preponderance of the evidence shows that a married woman refused to execute a note, and deed of trust upon her land, when urged to do so by her husband, and positively refused to acknowledge the deed of trust, and the proof showed that the signature was not in her handwriting, but that the deed was executed by a mark, when she could write, it was *held*, that a decree setting aside the trust deed and enjoining an action of ejectment brought by the purchaser against her, was proper.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. DANIEL M. BROWNING, Judge, presiding.

Mr. WILLIAM W. CLEMENS, for the plaintiff in error:

As to the rule of law and the evidence to impeach the certificate of the acknowledgment of a deed or mortgage, see the following authorities: *Monroe* v. *Poorman*, 62 Ill. 526; *Kerr* v. *Russell*, 69 id. 671; *Blackman* v. *Hawks*, 89 id. 514; *Russell* v. *Baptist Theological Union*, 73 id. 341.

As to the disfavor with which courts look at attempts to override the certificates of acknowledgments to deeds, to the detriment of innocent grantees for value, see *Graham* v. *Anderson et al.* 42 Ill. 518; *Hill* v. *Bacon*, 43 id. 479; *Monroe* v. *Poorman et al.* 62 id. 525 to 527; *Lickman, etc.* v. *Harding*, 65 id. 505; *Canal and Dock Co.* v. *Russell*, 68 id. 426; *Russell* v. *Baptist Theological Union*, 73 id. 338; *Kerr* v. *Russell*, 69 id. 668; *Blackman* v. *Hawks*, 89 id. 512; *Tunison* v. *Chamblin et al.* 88 id. 388; *Spurgin* v. *Traub et al.* 65 id. 171; *Marston et al.* v. *Brittenham*, 76 id. 611; *Wilson* v. *South Park Commissioners*, 70 id. 50; *Patterson* v. *Lawrence*, 90 id. 174; *Lowell et al.* v. *Wren*, 80 id. 239.

Mr. ANDREW D. DUFF, and Mr. JAMES M. GREGG, for the defendant in error:

The declarations of Mary E. Parks, as she was returning from the court, that they wanted her to sign the trust deed, but that she refused, etc., may be admissible as a part of the *res gestæ*. *Commonwealth* v. *McPike*, 3 Cush. 181; 1 Greenlf. Ev. sec. 108; *Galena and Chicago Railroad Co.* v. *Fay*, 16 Ill. 558; *Croff* v. *Ballinger*, 18 Ill. 200.

Mrs. Parks' evidence denying the execution of the deed was attacked by the plaintiff in error, and her declarations made soon after the occurrence were admissible in support of her present testimony. 1 Stark. Ev. 187; 1 Phil. Ev. 308; *Robb* v. *Hackley*, 23 Wend. 50; *Gates* v. *The People*, 14 Ill. 433.

Since the act of·February 17, 1857, amendatory of the Homestead law of 1851, a husband can not, by his conveyance, in anywise affect the homestead, unless his wife join in the deed and release her rights in the manner prescribed by that act. *Patterson* v. *Kreig*, 29 Ill. 514 ; *Booker* v. *Anderson et ux.* 35 id. 67; *Smith* v. *Miller*, 31 id. 157; *Pardee* v. *Lindley*, id. 174; *Marshall* v. *Poor*, 35 id. 106 ; *Ward* v. *Enders et al.* 29 id. 519 ; *Richards et ux.* v. *Green*, 73 id. 54.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Defendant in error filed a bill in chancery to set aside a conveyance on a sale under a deed of trust, which purported to have been executed by her husband and herself, on three 40-acre tracts of land which belonged to her in her own right, having inherited it from her father, and being the homestead of her husband, herself and their family. The deed of trust also contained a 40-acre tract which belonged to her husband. The bill further sought to enjoin an action of ejectment, brought by Sidney Myers, the purchaser at the trustee's sale.

The facts are, that Charles Parks, complainant's husband, desiring to borrow $1500, made application, through its agent, to the Merchants, Farmers and Mechanics' Savings Bank of Chicago, for a loan of that sum. He executed a note for the sum, with coupons for interest at the rate of ten per cent per annum. He also executed a trust deed on the lands described in the bill, to secure the payment of the principal and interest.

It stands admitted that Parks executed all of these papers; but complainant denies that she ever signed any of these instruments, or that she acknowledged the trust deed; and the whole and only question is, whether her signatures are genuine to these instruments.

This court has uniformly held, that the certificate of acknowledgment by an officer authorized to make the same, to a deed or other instrument affecting or relating to the title to land, can only be impeached and shown to have been made

in fraud, or as a forgery, by clear and entirely satisfactory proof. Officers authorized to take acknowledgments are usually selected because of their qualification for the place, and for their probity and fairness in performing their duty. Not only so, but the security of titles, the repose of society, and every consideration of public policy require that such certificates should only be impeached on clear and satisfactory proof. Mere suspicion, loose and unsatisfactory testimony, or inconclusive evidence, will not suffice. The evidence must establish the fraud, or forgery, by a clear and satisfactory preponderance. Does the evidence in this case meet these requirements?

It is claimed that defendant in error executed the deed of trust, in the county clerk's office, on the 5th of October, 1872. It is manifest that she was there on the afternoon of that day, and her husband took her there; but she, her husband, Beasley and Whitlock, who were all present, swear that she, when requested by her husband, and even urged, to sign and acknowledge the deed, firmly and persistently refused. They all had every opportunity to know what occurred. Samuels presented the deed and asked her if she acknowledged it, when she asked him to read it, but he declined, on the ground that it was too long, but explained its purpose and effect in part, but she, according to these witnesses, positively refused. We regard it almost impossible for these witnesses to be mistaken. If their evidence is untrue, it must be willfully false.

Again, defendant in error, it is proved, on leaving the office, was crying, and on being asked by her mother as to the cause, she said she had refused to sign or acknowledge the deed. This was at the moment she left the office.

If we were to wholly disregard the evidence of Parks as unworthy of belief, because he had used the deed to procure the loan of money, when, as he now swears, he knew his wife had not signed it, still, we regard the evidence in behalf of defendant in error as strongly preponderating in her favor. Two disinterested witnesses, who seem to swear fairly and

intelligently, fully sustain her testimony. On the other hand, the clerk and his deputy contradict her as to her acknowledging the deed, but their evidence is not satisfactory. It is not satisfactory in manner or matter.

Again, it is not pretended defendant in error signed her name to any of these instruments, but it is signed by another, and a mark added. The evidence shows she could write, and had always written her name to all instruments it became necessary for her to sign through life, except on one occasion, when she was sick, and had another person sign it for her. There is no attempt whatever to explain or assign any reason why, if she executed these instruments at different times, she did not sign her name. She swears that she never saw or knew of the application for the loan, the note or the coupons, until a few days before she testified, and that she never signed these papers by her mark or otherwise.

All the evidence considered, we are clearly of opinion the name of defendant in error was forged to these papers, and that the certificate of acknowledgment is false, to call it by no harsher name; and, inasmuch as she never signed or acknowledged the deed of trust, and it being forged, she can not be bound by it or by anything done under it. The court below could not, therefore, do otherwise than decree the relief it did, and the decree must be affirmed.

*Decree affirmed.*